



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DURST IMAGE TECHNOLOGY US LLC; and,
DURST PHOTOTECHNIK AG,

          Plaintiffs,

v.

INTEGRA TECHNOLOGIES INTERNATIONAL, INC.;
and, RON SKAGGS,

          Defendants.

---

## COMPLAINT

Plaintiffs **Durst Image Technology US LLC** and **Durst Phototechnik AG**, by and through their attorneys, TUCKER & LATIFI, LLP, as and for their complaint, alleges upon information and belief:

### THE PARTIES

1(a). Plaintiff **Durst Image Technology US LLC.** is a limited liability company organized and existing under the laws of the State of Delaware, with an office and place of business at 50 Methodist Hill Drive, Rochester, NY 14623.

1(b). Plaintiff **Durst Phototechnik AG** is a limited liability company organized and existing under the laws of Italy, with an office and place of business at Vittorio Veneto Strasse 59, 1-39042 Brixen, ITALY (Durst Image Technology US LLC and Durst Phototechnik AG are hereinafter collectively referred to as "Plaintiff").

2(a). Upon information and belief, defendant **Integra Technologies International Inc.** is an entity of unknown origin operating and existing under the laws of the State

of Texas, having an office and place of business at 13809 N Highway 183, Austin, Texas 78750; is transacting and doing business within this judicial district and has committed the acts complained of herein within this judicial district. Integra Technologies International Inc. is subject to the jurisdiction of this Court pursuant to the laws of this State and Rule 4 of the Federal Rules of Civil Procedure.

2(b).   Upon information and belief, Defendant **Ron Skaggs** is an individual who is one of the conscious, dominant and active forces behind the wrongful activities of the corporate defendant Integra Technologies International Inc., which wrongful acts he engaged in for the gain and benefit of defendant Integra Technologies International Inc. and for his own individual gain and benefit. Defendant Ron Skaggs is subject to the jurisdiction of this Court pursuant to laws of this State and Rule 4 of the Federal Rules of Civil Procedure. Defendants Integra Technologies International Inc. and Ron Skaggs are hereinafter collectively referred to as "Defendants".

### JURISDICTION

3.   The first and second claims herein arise under the Federal Trademark Act of 1946, 15 U.S.C. §1051 et seq.; the third claim herein arises under the federal anti-dilution law, Lanham Act §43(c) (15 U.S.C. §1125(c)) and, accordingly, subject matter jurisdiction for these claims is conferred on this Court by virtue of 15 U.S.C. §1121, as well as 28 U.S.C. §1338 (a).

4.   The fourth claim herein arises under the laws of unfair competition and the statutes of the State of New York and are claims joined with substantial and related claims under the Trademark Laws of the United States and, accordingly, subject matter jurisdiction for the fourth claim is conferred on this Court by virtue of 28 U.S.C. §1338 (b) and the doctrine of pendent jurisdiction.

5.     Venue is founded on 28 U.S.C. §1391 (b) and §1391 (c).

**COMMON ALLEGATIONS**

6.     For over 50 years Durst has been manufacturing, distributing and selling various high-quality equipment for use in the photographic industry, including but not limited to large format enlargers, film processors, digital timers, dark room lights, automated paper cutters, optical enlargers, photographic dryers, photographic processing equipment, laser printers, LED printers, large format laser-jet printers, scanners, software and supplies for all of the foregoing equipment and Plaintiff Durst sells spare parts for all of its DURST-branded products and offers maintenance and repair services for all of its products.

7. Over the years, the DURST name has become synonymous with high-quality, long lasting and reliable equipment for use in the photographic and digital printing fields. DURST equipment can be found in use throughout the world. Its years and years of goodwill in the photographic and large format printing industries have earned the respect of some of the leading professionals in the photographic and image processing world. The marketplace has come to rely on the DURST trademarks as representing a treasured source for reliable and long lasting equipment.

8.     Over the past 50 years, sales of DURST-branded products around the world have exceeded hundreds of millions of dollars. As such, the DURST trademarks have become an invaluable asset of Plaintiff and are estimated to be worth in excess of $50,000,000.

9.     Plaintiff Durst Phototechnik AG is the worldwide owner of the DURST Marks and is the owner in the following United States trademark registrations (hereinafter collectively, the "DURST Marks):

| Trademark | Registration No. | Registration Date | International Class |
|---|---|---|---|
| DURST | 2,907,834 | 12/7/2004 | 9-Printing equipment |
| DURST | 2,907,835 | 12/7/2004 | 16-Automated Paper Cutters |
| DURST | 2,991,030 | 9/6/2005 | 11-Photographic Dryers |
| DURST | 3,140,835 | 9/12/2006 | 42-Technical support services |

## COUNT I - TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

10. This claim arises under the provisions of the Trademark Act of 1946, 15 U.S.C. §1051, et al, particularly under 15 U.S.C. §1114(1) and alleges the infringement of trademarks registered under the laws of the United States.

11. Recently Defendants have been soliciting owners of Durst Lambda printers seeking to perform service and maintenance work on such equipment. In connection with such solicitations Defendants have been sending out documents and publishing various advertising materials wrongfully using the DURST Marks. Specifically, Defendants advertising and solicitations wrongfully imply that all of Defendants' service personnel have been trained by Plaintiff and that the replacement parts being delivered by Defendants emanate from, are authorized by or sponsored by Plaintiff when such is not true or may not be correct.

12. The unauthorized use of the DURST Marks has and is likely to cause confusion and mistake in the minds of the purchasers of such products and services, and in particular, tends to and does falsely create the impression that Defendants are capable of and are delivering the same services and products as Plaintiff Durst when, in fact, they are not.

13. By reason of Defendants' wrongful use of the DURST Marks in connection with their activities, Defendants are liable for trademark infringement under 15 U.S.C. §1114.

14. The goodwill and favorable reputation residing in the DURST Marks is a valuable asset belonging to Plaintiff, and whose value does not lend itself to exact quantification but is clearly in excess of Fifty Million Dollars ($50,000,000). There can be no doubt that the acts complained of herein have the potential for inflicting substantial injury to the DURST Marks.

15. The activities of Defendants complained of herein constitute willful and intentional infringement of the DURST Marks; are in total disregard of Plaintiff's rights and were commenced and have continued in spite of Defendants' knowledge that such use of the DURST Marks, was and is in direct contravention of Plaintiff's rights.

16. Plaintiff has no remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

## COUNT II - FEDERAL UNFAIR COMPETITION

17. Plaintiff repeats and realleges every allegation contained in paragraphs 1 through 14 as though fully set forth herein.

18. This claim arises under the provision of the Trademark Act of 1946, 15 U.S.C. §1051, et seq., particularly under 15 U.S.C. §1125(a) and alleges the use in commerce of a false designation of origin and false or misleading description of fact and false or misleading representation of fact.

19. By reason of the marketing, excellence and industry coverage generated for Durst's products at the trade level, and the unique quality of the products, these products are recognized by the trade as being products designed by Plaintiff.

20. Durst equipment, service and replacement parts have become widely known among purchasers as that which are designed and manufactured by Plaintiff. These products are known to be high quality items.

21. The goodwill of the Plaintiff and the favorable reputation residing in Durst's equipment is a valuable asset belonging to Plaintiff.

22. It is Defendants' intention to have their ultimate purchasers of services and parts believe that Defendants' services are Durst-trained services and their parts have been authorized and/or supplied by Durst .

23. By reason of Defendants' misrepresentation and use of the DURST MARKS, the relevant public has been and is being mislead as to the nature and quality of goods and services being sold by Defendants, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1051.

24. By reason of the foregoing, Defendants have used in commerce, on or in connection with the goods and/or services, a false designation of origin, a false or misleading description of fact or false or misleading representation of fact, including words, terms, names, devices and symbols or a combination thereof which is likely to cause confusion, or mistake, or to deceive as to the affiliation, connection, or association of such Defendants with Plaintiff or as to the origin, sponsorship, or approval of Defendants' products, services or commercial activities by Plaintiff with full knowledge of the falsity of such designations of origin or such descriptions or representations, all to the detriment of Plaintiff.

25. Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

### COUNT III - DILUTION

26. As a complete and third ground for relief, Plaintiff hereby charges

defendants with dilution and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 14, 19 through 22 hereof as though fully set forth herein.

27. Defendants' advertising, promotion, offering for sale and misrepresentations bearing the DURST Mark is likely to dilute the distinctive quality of Plaintiff's name and injure Plaintiff's business reputation in violation of the federal anti-dilution law, Lanham Act §43 (c), 15 U.S.C. §1125 (c). Defendants' infringing activities have been and are being committed willfully.

28. Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Five Hundred Thousand Dollars ($500,000).

## COUNT IV - COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT

29. As a complete and fourth ground for relief, Plaintiff hereby charges Defendants with common law unfair competition under the laws of the State of New York, and hereby realleges and reasserts all of the allegations contained in paragraphs 1 through 14, 19 through 22 and 27 hereof as though fully set forth herein.

30. Upon information and belief, Defendants are "palming off" their corporation using the high quality name of Plaintiff, and are knowingly enabling others to do the same and are thus deliberately and knowingly misappropriating and diverting Plaintiff's valuable proprietary rights and goodwill, and the reputation symbolized thereby, thereby unfairly competing with Plaintiff.

31. Defendants' unfair competition has caused substantial and irreparable damage and injury to Plaintiff and in particular to its valuable goodwill and reputation, and unless

enjoined by this Court, will continue to cause substantial and irreparable damage and injury to Plaintiff.

32.     Plaintiff has no adequate remedy at law and has suffered irreparable damage as a result of Defendants' acts as aforesaid in an amount thus far not determined, but believed to be in excess of Three Hundred Thousand Dollars ($300,000).

**WHEREFORE, Plaintiffs demand:**

A.     that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from using the DURST Marks in any manner and from using any mark confusingly similar thereto; and from promoting, advertising and holding themselves out as employing a team of trained technicians on Durst Lambda equipment;

B.     that Defendants, their officers, agents, employees, attorneys and all persons acting in concert, participation or combination with Defendants, be preliminary and permanently enjoined from competing unfairly with Plaintiff, from falsely representing and falsely designating the origin of Defendants' goods, from diluting the distinctive quality of Plaintiff's trademarks and from engaging in false advertising;

C.     that Defendants be required to pay to Plaintiff damages in a sum to be determined at trial and to account for all gains, profits and advantages derived by Defendants using the DURST Marks;

D.     that Plaintiff be awarded statutory damages by reason of the infringement of Plaintiff's registered DURST Marks;

    E.  that Plaintiff be awarded treble damages, punitive damages, reasonable attorneys fees and the costs and disbursements of this action;

    F.  that Plaintiff be granted an award of punitive damages in view of the willful and malicious nature of Defendants' tortious acts; and,

    G.  that Plaintiff has such other and further relief as the Court deems just and equitable.

Dated: New York, New York
   December 12, 2008

                Respectfully submitted,

                **TUCKER & LATIFI, LLP**
                *Attorneys for Plaintiff*
                160 East 84th Street
                New York, NY 10028
                (212) 472-6262

                _____
                Robert L. Tucker   (RLT 1027)

Of counsel:

Brent H. Blakely, Esq.
915 North Citrus Avenue
Hollywood, CA 90038
(323) 464-7400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DURST IMAGE TECHNOLOGY US LLC, a Delaware          Civil Action No.
Corporation, and DURST PHOTOTECHNIK AG,

              Plaintiffs,

v.

INTEGRA TECHNOLOGIES INTERNATIONAL, INC.
and, RON SKAGGS,

             Defendants.

---

# COMPLAINT

**Tucker & Latifi, LLP**
*Counsel for the Plaintiffs*
160 East 84th Street
New York, NY 10028
(212) 472-6262